UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

JENNIFER RUSH,
*On behalf of herself and others similarly situated*,

    Plaintiff,

v.

LEADPOINT, INC.,

    Defendant.

No. 6:25-CV-03331-BCW

**DEFENDANT LEADPOINT INC.'S
MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT**

Defendant Leadpoint, Inc. ("Leadpoint"), by and through its attorneys, respectfully submits this Motion to Dismiss Plaintiff's Class Action Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). In support of this motion, Leadpoint states as follows:

1. Plaintiff brings a single claim under 47 U.S.C. § 227(c) of the Telephone Consumer Protection Act ("TCPA) in connection with the alleged receipt of three text messages intended for another individual.

2. The plain language of 47 U.S.C. § 227(c)(5), however, only authorizes a private right of action if two conditions relevant here are met.

3. First, Congress expressly limited the right for a private individual to sue under Subsection (c) if a person "received more than one **telephone call** within any 12-month period in violation of the regulations prescribed under this subsection . . . ." 47 U.S.C. § 227(c)(5) (emphasis added). Plaintiff does not allege that she any received telephone calls from Defendant, and her claim must necessarily fail on this basis alone.

4. Second, and independently, the only telephone calls actionable under Subsection (c) must be in violation of the regulations that Congress authorized the Federal Communications Commission to prescribe "*under this subsection*." *Id.* In contrast to open-ended rulemaking authority found elsewhere in the TCPA, Congress's grant of rulemaking authority under subsection (c) was expressly limited temporally and in scope. That is, the only regulations that are enforceable through Subsection (c)(5)'s private right of action were those adopted in a specific rulemaking proceeding regarding "*residential telephone subscribers*' privacy rights," and which the FCC was required to "conclude" "not later than 9 months after December 20, 1991." 47 U.S.C. § 227(c)(2). Plaintiff is not claiming, because she cannot, that Leadpoint allegedly violated any regulation that meets these Congressionally-mandated conditions, and therefore her claim must fail for this independent reason.

WHEREFORE, Defendant Leadpoint, Inc. respectfully requests that this Court grants its Motion to Dismiss Plaintiff's Class Action Complaint with prejudice.

Dated: December 8, 2025

Respectfully submitted,

**ARENTFOX SCHIFF LLP**

*Ann H. MacDonald*
Ann. H. MacDonald (Mo. Bar #61544)
233 S. Wacker Dr., Suite 7100
Chicago, IL 60606
Phone: (312) 258-5500
Email: ann.macdonald@afslaw.com

Adam Bowser (*pro hac vice* forthcoming)
1717 K. Street, NW
Washington DC 20006
Phone: (202) 857-6126
Email: adam.bowser@afslaw.com

*Attorneys for Leadpoint Inc.*

# CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that, on December 8, 2025, she caused a true and correct copy of the foregoing to be served upon the persons listed below by email.

Tylor B. Whitham, Mo. Bar #69428
12120 State Line Road, Box 265
Leawood, Kansas 66209
phone: 816-522-3399
fax: 913-341-2807
tylor@whithamlawfirm.com

Anthony I. Paronich,
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

                                          *Ann H. MacDonald*