UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

JENNIFER RUSH,
*On behalf of herself and others similarly situated*,

    Plaintiff,

v.

LEADPOINT, INC.,

    Defendant.

No. 6:25-CV-03331-BCW

**SUGGESTIONS IN SUPPORT OF UNOPPOSED MOTION TO STAY DISCOVERY**

In support of its Unopposed Motion to Stay Discovery, Defendant LeadPoint, Inc. states as follows:

**I.    INTRODUCTION**

Plaintiff, Jennifer Rush, filed a Class Action Complaint on behalf of herself and others similarly situated. (Doc. 1.) On December 9, 2025, Defendant filed a Motion to Dismiss Plaintiff's Class Action Complaint for Failure to State a Claim pursuant to Fed. R. Civ. P. 12(b)(6) ("Defendant's Motion") and supporting Suggestions. (Docs. 7-8.) Plaintiff filed Suggestions in opposition to Defendant's Motion on December 16, 2025 (Doc. 13), and Defendant filed its Reply on December 31, 2025 (Doc.14). Defendant moves, unopposed, to stay discovery, pending resolution of its motion because the parties could face hardship without a stay, a stay would cause no harm or prejudice, and a stay would promote the conservation of judicial resources.

**II.    LEGAL STANDARD AND AUTHORITIES**

This court has inherent power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *High School Servico*

*Educacionais, Ltda.* v. *Choi*, No. 4:21-cv-00029-BCW, 2021 WL 12333372, at *1 (W.D. Mo. Sept. 2, 2021) (granting motion to say discovery pending ruling on motion to dismiss and quoting *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936)). This power includes the ability to grant a motion to stay discovery pending resolution of a dispositive motion. *See generally, High School Servico Educacionais, Ltda..*, 4:21-cv-00029-BCW, 2021 WL 12333372, at *1; *Nelson v. Maples*, 672 F. App'x 621, 621 (8th Cir. 2017) (finding the district court did not abuse its discretion in granting stay of discovery while a motion to dismiss was pending).

This court considers various factors in determining whether to grant a motion to stay discovery pending resolution of a motion to dismiss, including (a) the likelihood of success on the underlying motion, (b) hardship or inequity if the stay is not granted, (c) balance of harm in delaying discovery against the possibility that the underlying motion will dispose of the case, (d) the public interest, and (e) conservation of judicial resources. *High School Servico Educaionais, Ltda.*, at *1 (citing *Physicians Home Health Infusion, P.C. v. UnitedHealthcare of the Midwest, Inc.*, 4:18cv01959 PLC, 2019 WL 4644021, at *3 (E.D. Mo. Sept. 24, 2019)).

The relevant factors weigh in favor of the stay of discovery. If Defendant's Motion is granted, it would dispose of all claims and any discovery efforts would be rendered moot.[1] *High School Servico Educacionais, Ltda..*, 4:21-cv-00029-BCW, 2021 WL 12333372, at *1 (granting stay because the motion to dismiss would dispose of all claims against defendants). Therefore, both parties could experience hardship if the jointly requested stay is denied but no party would be unduly prejudiced if discovery is stayed pending resolution of Defendant's Motion.

---

[1] While the parties disagree as to the likelihood of success on the underlying motion, satisfaction of this factor does not require more than fifty percent probability that the motion to dismiss will be successful. *Physicians Home Health*, No. 4:18cv01959 PLC, 2019 WL 4644021, at *3.

2

Judicial resources will also be conserved if the stay is granted. *Physicans Home Health Infusion, P.C.*, No. 4:18cv01959 PLC, 2019 WL 4644021 at *6 ("In determining whether a stay of discovery until the resolution of a pending dispositive motion would conserve judicial resources, a court examines the breadth of any pending discovery and whether the pending dispositive motion has the potential to resolve the litigation"). A stay pending a decision on the Motion would promote "economy of time and effort for [the court], for counsel, and for the litigants." *High School Servico Educacionais, Ltda.,* 4:21-cv-00029-BCW, 2021 WL 12333372, at *1 (quoting *Landis*, 299 U.S. at 254).

## CONCLUSION

The relevant factors weigh in favor of staying discovery and Plaintiff has no objection. Accordingly, Defendant respectfully requests that this Court enter an Order staying discovery until the Court resolves Defendant's pending Motion to Dismiss Plaintiff's Class Action Complaint (Doc. 7).

Dated: January 9, 2026                    Respectfully submitted,

**ARENTFOX SCHIFF LLP**

*Ann H. MacDonald*
Ann. H. MacDonald (Mo. Bar #61544)
233 S. Wacker Dr., Suite 7100
Chicago, IL 60606
Phone: (312) 258-5500
Email: ann.macdonald@afslaw.com

Adam Bowser (*pro hac vice* forthcoming)
1717 K. Street, NW
Washington DC 20006
Phone: (202) 857-6126
Email: adam.bowser@afslaw.com

*Attorneys for Leadpoint Inc.*

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that, on January 9, 2025, she caused a true and correct copy of the foregoing to be served upon the persons listed below through the Court's electronic filing system.

    Tylor B. Whitham, Mo. Bar #69428
    12120 State Line Road, Box 265
    Leawood, Kansas 66209
    phone: 816-522-3399
    fax: 913-341-2807
    tylor@whithamlawfirm.com

    Anthony I. Paronich,
    Paronich Law, P.C.
    350 Lincoln Street, Suite 2400
    Hingham, MA 02043
    (508) 221-1510
    anthony@paronichlaw.com

                                                  *Ann H. MacDonald*