IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| JENNIFER RUSH, *on behalf of herself and others similarly situated*, | )<br>)<br>) |
| Plaintiff, | )<br>) Case No. 6:25-CV-03331-BCW |
| v. | )<br>) |
| LEADPOINT, INC., | )<br>) |
| Defendant. | ) |

## **ORDER**

Before the Court is Defendant's motion to stay discovery. (Doc. #15). The Court, being duly advised of the premises, denies said motion.

On November 12, 2025, Plaintiff Jennifer Rush filed this action against Defendant Leadpoint, Inc. alleging violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227. (Doc. #1). On December 9, 2025, Defendant filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). (Doc. #7). Defendant's motion to dismiss remains pending. On December 10, 2025, the Court issued its Rule 16 Notice setting the deadline for the Parties to file a joint proposed scheduling order on January 13, 2026. (Doc. #10).

On January 9, 2026, Defendant filed the instant motion to stay discovery arguing the Parties could face hardship without a stay. (Doc. #15). Defendant argues that if its motion to dismiss is granted, it would dispose of all claims and render any discovery efforts moot. Defendant further argues that a stay will conserve judicial resources, and Plaintiff does not oppose a stay at this time.

Also on January 9, 2026, the Parties filed a joint stipulation requesting the Court defer setting any deadlines until after ruling on Defendant's motion to dismiss. (Doc. #17). The Parties

1

also ask that they be allowed to file their proposed scheduling order within 30 days of the date the Court rules on the motion to dismiss.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936). Furthermore, as stated in the Court's Rule 16 Notice, "**[n]o motion filed before the scheduling conference relieves the parties from compliance with the terms and provisions of th[e] Order.**" (Doc. #10 at 1) (emphasis in original).

The Court declines to exercise its inherent power to stay this case or to alter any existing deadlines. The Court recognizes that in the event Defendant's motion to dismiss is granted, the time and costs expended to propound discovery will be mooted. However, such expenditures are a normal cost of litigation and, therefore, do not amount to good cause necessitating a stay. TE Connectivity Networks, Inc. v. All Sys. Broadband, Inc., No. CIV. 13-1356 ADM/FLN, 2013 WL 4487505, at *2 (D. Minn. Aug. 20, 2013). Nor is it unduly prejudicial to proceed with discovery while the motion to dismiss is pending, given that the complaint does not appear facially frivolous and the Parties do not identify any special circumstances that would make discovery unusually burdensome in this case. For these reasons, the motion to stay discovery and request to postpone the scheduling order are denied. Accordingly, it is hereby

ORDERED Defendant's motion to stay discovery (Doc. #15) is DENIED.

IT IS SO ORDERED.

Dated: January 12, 2026                    /s/ Brian C. Wimes
                                           BRIAN C. WIMES, CHIEF JUDGE
                                           UNITED STATES DISTRICT COURT